IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

BETTYE MAXWELL, Wife and
Next of Kin of CLYDE MAXWELL,
Deceased,                                                          PLAINTIFF,

VS.                                                CIVIL ACTION NO. 2:02CV308-P-A

FORD MOTOR COMPANY,                                                DEFENDANT.

## ORDER

This matter comes before the court upon Plaintiff's Motion for Relief Pursuant to Federal Rule of Civil Procedure 60 [327-1]. Upon due consideration of the motion and the responses filed thereto, the court finds as follows, to-wit:

This plaintiff filed this case on December 23, 2002. The case was tried before this court and a jury in July-August 2004. The jury found for the defendant and the court entered its final judgment against the plaintiff on August 4, 2005. On August 12, 2004, the plaintiff filed a motion for a new trial under Fed. R. Civ. P. 59. The court entered its Order denying said motion on September 8, 2004.

On September 7, 2005, the plaintiff filed the instant motion in which she seeks a new trial pursuant to Fed. R. Civ. P. 60(b)(2) (newly discovered evidence) and Fed. R. Civ. P. 60(b)(3) (fraud). Essentially, the plaintiff states that in an unrelated case pending in the Middle District of Tennessee, *George v. Ford Motor Company*, Ford produced a number of boxes of discovery material which the plaintiff urges should have been produced in this matter. With regard to this material, the plaintiff states that "these items should not have been excluded from the items produced to the Plaintiff in this action. These items, if properly produced, would have provided additional evidence in support of Plaintiff's claim, would have provided evidence necessary to impeach the testimony

1

of the Defendant's expert and corporate representative and affected the manner in which the Plaintiff presented her claim to the jury." In addition, the plaintiff notes in her brief that she "has not fully evaluated these items to detail the specifics of how the exclusion of these items from the discovery produced in this matter adversely affected the Plaintiff's ability to present her claim to the jury" but filed this motion because of the time constraints of Rule 60. At no time subsequent to the filing of her motion has the plaintiff elaborated on the value of the alleged newly discovered evidence or how the defendant has acted fraudulently .

The defendant responds that the plaintiff's motion for a new trial because of newly discovered evidence and/or fraud is untimely because it was filed over one year after the final judgment. The plaintiff retorts that the one-year time limit in Rule 60 began to run on this court's order denying their Rule 59(e) motion for a new trial entered on September 8, 2004, not the judgment entered on August 4, 2004.

The defendant also contends that even if the motion were timely, the plaintiff has not met the applicable burdens under Rule 60(b)(2) and (b)(3).

Rule 60(b) provides in pertinent part:

On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: ... (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud ..., misrepresentation, or other misconduct of an adverse party.... The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

A motion for relief of judgment under Rule 60(b) is addressed to the discretion of the court. *Hand v. U.S.*, 441 F.2d 529 (5th Cir. 1971). "The cases show that although the courts have sought to accomplish justice, they have administered Rule 60(b) with a scrupulous regard for the aims of

finality." 11 Fed. Prac. & Proc. Civ.2d § 2857. "Courts are disinclined to disturb judgments under the aegis of Rule 60(b)." *Pease v. Pakhoed*, 980 F.2d 995, 998 (5th Cir. 1993); *see also Longden v. Sunderman*, 979 F.2d 1095, 1102 (5th Cir. 1992) (relief under 60(b) is "extraordinary ... and the requirements of the rule must be strictly met.").

As to the plaintiff's argument that Rule 60(b)'s one-year time limit begins to run on an order dispensing with a Rule 59(b) motion for a new trial rather than on the judgment, the court observes that the plaintiff has cited no binding authority for this position. Rather, she has cited to decisions in other circuits with which the court is disinclined to disagree. The language of Rule 60(b) clearly contemplates "final judgment," and since the cases hold that an appeal does not stop the clock, it seems contraindicated that a motion for a new trial would. Even if it were held that Rule 60(b)'s one-year time limit did begin to run after an order dispensing with a Rule 59 motion, the court concludes that the plaintiff has not demonstrated the appropriate circumstances justifying a new trial.

With regard to Rule 60(b)(2), "[t]o succeed on a motion for relief of judgment based on newly discovered evidence, our law provides that a movant must demonstrate: (1) that it exercised due diligence in obtaining the information; and (2) that the evidence is material and controlling and clearly would have produced a different result if present before the original judgment." *Goldstein v. MCI Worldcom*, 340 F.3d 238, 257 (5th Cir. 2003). The plaintiff has not established that the evidence in question "clearly would have produced a different result if present before the original document." Rather, it appears that the evidence (which the plaintiff admits has not been fully evaluated), even if determined to be material, would be cumulative in character.

As to a Rule 60(b)(3) motion for a new trial based on allegations of fraud, the burden of proof is on the moving party to prove the fraud by clear and convincing evidence. *Cliett v. Hammonds*, 286

F.2d 471 (5th Cir. 1961), *cert. denied* 366 U.S. 960; *Saenz v. Kenedy*, 178 F.2d 417 (5th Cir. 1949). The plaintiff has hardly met this burden.

**IT IS THEREFORE ORDERED AND ADJUDGED** that Plaintiff's Motion for Relief Pursuant to Federal Rule of Civil Procedure 60 [327-1] is **DENIED**.

**SO ORDERED** this the 21st day of October, A.D., 2005.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE